UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LOLA LAYTON                                CIVIL ACTION NO. 07-0821

versus                                     JUDGE HICKS

MARTHA REYENGA                             MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Plaintiff filed a small claims suit in Shreveport City Court against Martha Reyenga, an employee of the United States Postal Service. Plaintiff alleged that she purchased clothes for her son in Oakland, California and mailed them to her home in Shreveport, Louisiana, but the clothes were not delivered. Plaintiff alleges that she filed a claim with the Postal Service, but she has not received satisfaction.

Reyenga removed the case and filed a Motion to Substitute Party (Doc. 3) that asked the court to substitute the United States as the proper defendant. The motion is accompanied by a certification by the United States Attorney that Reyenga was acting within the scope of her employment as an employee of the United States at the relevant time. Plaintiff did not file any timely opposition. Substitution of the United States is appropriate under 28 U.S.C. § 2679(d)(2) and should be granted. The United States would then be the sole defendant.

The United States, in anticipation of substitution, has filed a Motion to Dismiss (Doc. 4). Plaintiff has not filed any timely opposition. The motion is well founded. The United States, absent a waiver, enjoys federal sovereign immunity for tort claims arising from

Postal Service activities. <u>Dolan v. U.S. Postal Service</u>, 126 S.Ct. 1252, 1256 (2006). The Federal Tort Claims Act ("FTCA") waives immunity and makes the United States liable for certain torts committed by Postal Service employees, but the FTCA waiver of immunity has several exceptions that, if applicable, maintain the bar of sovereign immunity. <u>Id</u>. If a claim is excepted from a waiver, the court lacks subject matter jurisdiction over the claim. <u>Chapa v. U.S. Dept. of Justice</u>, 339 F.3d 388 (5th Cir. 2003).

One of the exceptions to the FTCA's waiver of governmental immunity is for "[a]ny claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Plaintiff's claim of lost mail falls squarely within the scope of that exception. As a result, the court lacks jurisdiction to hear Plaintiff's claim. <u>See</u> <u>Insurance Company of North America v. U.S. Postal Service</u>, 675 F.2d 756 (5th Cir. 1982); <u>Quebodeaux v. U.S. Postal Service</u>, 2006 WL 1207898 (E.D. Tex. 2006).

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Substitute Party (Doc. 3)** be **granted** and that the United States be substituted for Martha Reyenga as the Defendant.

**IT IS FURTHER RECOMMENDED** that the **Motion to Dismiss (Doc. 4)** filed by the United States be **granted** and that this civil action be dismissed for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 2nd day of July, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE